NORWOOD *v.* GULF & S. I. R. Co.

(Division B.   June 11, 1934.)

[155 So. 348.   No. 31303.]

**W. M. Lofton** and **A. M. Edwards,** both of Mendenhall, for appellant.

Burch, Minor & McKay, of Memphis, Tenn., and Hilton & Hilton, of Mendenhall, for appellee.

Ethridge, P. J., delivered the opinion of the court.

Dock Norwood, appellant, filed suit against the Gulf & Ship Island Railroad Company, appellee, for personal in-

juries alleged to have been sustained by him because he was forced to jump from a moving train of the appellee. He alleged that he secured a ticket from Columbia, Mississippi, to Shivers, Mississippi, but that the conductor refused to stop said train there, and that he was required, by the conductor, to jump from the train, and was injured in so doing.

The appellee pleaded the general issue, with a special plea alleging that the appellant ought not to recover because the suit was filed by him in the circuit court of Lawrence county, giving the number and style of said cause, that said cause came on for hearing at the August, 1930, term of said court, and judgment was rendered for the defendant, a copy of the judgment being set out with the plea of res adjudicata.

The appellant refused to join issue on this special plea, whereupon the court rendered judgment in favor of the Gulf & Ship Island Railroad Company, the appellee here.

The main argument on appeal is that the plea of res adjudicata was not sworn to. We have not had our attention called to any statute requiring such plea to be verified by oath, and we know of no such statute. The plea of res adjudicata is a plea in bar, and completely answers the cause of action, if true.

The pleadings of the parties, where not required to be verified, are taken as true, unless denied by a plea in confession and avoidance, or by a general denial of the allegations of such pleadings. When the plea of res adjudicata is filed, ordinarily, the plea of nul tiel record is the plea in answer thereto. 9 Encyc. Pl. & Pr. 627. The plea of res adjudicata might also be attacked because of fraud in procuring such judgment, or that the issues were not the same, but such attack must be clearly interposed. The plaintiff, appellant here, should certainly know whether or not the subject-matter of the cause of action was the same, and, if not, should put the defendant, appellee here, to proof of its plea.

546

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.